In re:                                                              Case No. 17-01090-JJT
Barry Lee Sparling                                                  Chapter 13
Devon Marie Sparling
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-4          User: DDunbar          Page 1 of 2          Date Rcvd: Aug 31, 2017
                             Form ID: pdf002         Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2017.
```
db/jdb      +Barry Lee Sparling,   Devon Marie Sparling,    8399 Rt. 6,   Troy, PA 16947-9258
4898180     +CNHcapital,   Attn:Bankruptcy,   Po Box 292,   Racine, WI 53401-0292
4898177     +Capital One,   Attn: General Correspondence/Bankruptcy,   Po Box 30285,
             Salt Lake City, UT 84130-0285
4898178     +Chief Oil & Gas, LLC,   8111 Westchester Drive,   Suite 900,   Dallas, TX 75225-6146
4898179     +Citizens & Northern Ba,   Attn:Bankruptcy,   Po Box 58,   Wellsboro, PA 16901-0058
4898181     +Creditors Collection S,   Po Box 1540,   Corning, NY 14830-5240
4947290     +Directv, LLC,   by American InfoSource LP as agent,   4515 N Santa Fe Ave,
             Oklahoma City, OK 73118-7901
4898182     +Endless Mountains Veterinary Center PC,   101 Vet Center,   PO Box 188,   Rome, PA 18837-0188
4898183     +Farm Service Agency,   200 Lake Rd., Suite D,   Towanda, PA 18848-9693
4898184     +GH Harris Associates, Inc.,   P.O. Box 216,   Dallas, PA 18612-0216
4907331     +Guthrie Clinic, PC,   Resource Recovery,   PO Box 1540,   Corning, NY 14830-5240
4907329     +Guthrie Troy Hospital,   Resource Recovery,   Po Box 1540,   Corning, NY 14830-5240
4898185     +H. Rockwell, Inc.,   430 Troy St.,   P.O. Box 197,   Canton, PA 17724-0197
4898187     +Judson's Inc.,   P.O. Box 67,   Columbia Cross Roads, PA 16914-0067
4907330     +Memorial Hospital,   Resource Recovery,   Po Box 1540,   Corning, NY 14830-5240
4898188     +Owlett & Lewis, P.C.,   Attn: Brian S. Duff, Esq.,   One Charles St.,   P.O. Box 878,
             Wellsboro, PA 16901-0878
4936854     +PHI Financial Services, Inc.,   c/o Blitt and Gaines, P.C.,   2536 73rd Street,
             Des Moines, IA 50322-4700
4898190     +Peoples State Bank,   201 Church Street,   Wyalusing, PA 18853-6503
4898192     +Santander Consumer USA,   Santander Consumer USA,   Po Box 961245,   Fort Worth, TX 76161-0244
4929731     +USDA FARM SERVICE AGENCY,   C/O BRADFORD COUNTY FARM SERVICE,   200 LAKE ROAD STE D,
             TOWANDA, PA 18848-9693
4898193     +Usda Rural Development,   P.O. Box 790170,   St Louis, MO 63179-0170
4898194     +Verizon,   Verizon Wireless Bankruptcy Administrati,   500 Tecnolgy Dr Ste 500,
             Weldon Springs, MO 63304-2225
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4898186      E-mail/Text: cio.bncmail@irs.gov Aug 31 2017 19:02:28     Internal Revenue Service,
             P.O. Box 7346,   Philadelphia, PA 19101-7346
4898191     +E-mail/Text: PHIFS@pioneer.com Aug 31 2017 19:02:37     PHI Financial Services, Inc.,
             Resource Connection,   P.O. Box 1000,   Johnston, IA 50131-9411
4949903      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 31 2017 19:27:58
             Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
4898189      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 31 2017 19:02:43     Pennsylvania Dept. of Revenue,
             Bankruptcy Division,   P.O. Box 280946,   Harrisburg, PA 17128-0946
4923772     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 31 2017 19:09:56     Verizon,
             by American InfoSource LP as agent,   4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
                                                                                        TOTAL: 5
```

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
4918358*     Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
             Harrisburg, PA  17128-0946
                                                                    TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2017 at the address(es) listed below:

         C. Stephen Gurdin, Jr    on behalf of Joint Debtor Devon Marie Sparling Stephen@gurdinlaw.com,
         michelle@gurdinlaw.com
         C. Stephen Gurdin, Jr    on behalf of Debtor Barry Lee Sparling Stephen@gurdinlaw.com,
         michelle@gurdinlaw.com
         Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com,  dehartstaff@pamd13trustee.com
         Thomas I Puleo    on behalf of Creditor    United States Department of Agriculture, Farm Service
         Agency tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
         United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                            TOTAL: 5

<u>LOCAL</u> <u>BANKRUPTCY</u> <u>FORM</u> <u>3015-1</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER  13** |
| **BARRY LEE SPARLING** | : | |
| a/k/a Barry L. Sparling | : | |
| a/k/a Barry Sparling | : | |
| d/b/a Sparling Farm | : | |
| | : | **CASE NO. 4:17-bk-01090** |
| **DEVON MARIE SPARLING** | : | |
| a/k/a Devon M. Sparling | : | |
| a/k/a Devon Sparling | : | |
| a/k/a Devon Zurn | : | **CHAPTER 13 PLAN** |
| a/k/a Devon Marie Zurn | : | **(Indicate if applicable)** |
| a/k/a Devon M. Zurn | : | **(5) # MOTIONS TO AVOID LIENS** |
| | : | **( ) # MOTIONS TO VALUE COLLATERAL** |
| Debtor(s) | : | **(x)    ORIGINAL PLAN** |
| | : | **( )    AMENDED PLAN** |
| | : | **(indicate 1st, 2nd, 3rd etc.)** |
| | : | |

## YOUR RIGHTS WILL BE AFFECTED

**READ THIS** PLAN CAREFULLY. If you oppose any provision of this plan you must file a **timely written objection. This plan may be confirmed and become binding on you without** further notice or hearing unless a written objection is filed **before the deadline stated on the** Notice issued in connection with the filing of the plan

PLAN PROVISIONS

**DISCHARGE:**    **(Check one)**

**(x)**      The debtor will seek a discharge of debts pursuant to Section 1328(a).

**( )**      The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

NOTICE OF SPECIAL PROVISIONS:      (Check if applicable)

(x)      This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

**1.**         **PLAN FUNDING AND LENGTH OF PLAN**

    A.    <u>Plan Payments</u>

        1.     To date, the Debtor(s) has paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $12,812.55 plus other payments and property stated in Section IB below:

| Start Mm/yy | End Mm/yy | Plan Payment$ | Estimated Conduit Payment$ | Total Payment$ |
|---|---|---|---|---|
| 06/17 | 10/18 | 104.05 | 0.00 | 104.05 |
| 11/18 | 05/22 | 260.47 | 0.00 | 260.47 |
|  |  |  |  |  |

        2.     If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

        3.     Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

        4.     CHECK ONE:       (X)     Debtor(s) is at or under median income
                                ( )     Debtor(s) is over median income.
            Debtor(s) calculate(s) that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B.    <u>Liquidation of Assets</u>
        I.     In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of _____ from the sale of property known and designated as _____. All sales shall be completed by _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:  The property will be surrendered to the secured lender.

        2.     Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

        3.     The Debtor estimates that the liquidation value of this estate is $0.00.  (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Case 4:17-bk-01090-JJT   Doc 17   Filed 05/04/17   Entered 05/04/17 17:48:12   Desc
Main Document    Page 2 of 9
Case 4:17-bk-01090-JJT   Doc 33   Filed 09/02/17   Entered 09/03/17 00:51:32   Desc
Imaged Certificate of Notice    Page 4 of 11

2. **SECURED CLAIMS**

A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account No. | Estimated Monthly Payment$ |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual monthly Payment$ | Principal balance$ |
|---|---|---|---|
| Citizens & Northern Bank Attn: Bankruptcy Department P.O. Box 58 Wellsboro, PA 16901 Acct. No. xxxx1768 | Residence located at 8799 Route 6 Troy, PA 16947 | 598.88 | 53,467.64 |
|  |  |  |  |
|  |  |  |  |

C. Arrears. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured$ | Estimated Post-petition Arrears to be Cured$ | Estimated Total to be paid in plan$ |
|---|---|---|---|---|
| Citizens & Northern Bank Attn: Bankruptcy Department P.O. Box 58 Wellsboro, PA 16901 Acct. No. xxxx1768 | Residence located at 8799 Route 6 Troy, PA 16947 | 1,247.76 | 0.00 | 1,247.76 |
| | | | | |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate% | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| Farm Service Agency 200 Lake Rd., Ste. D Towanda, PA 18843 Acct. no. | Residence located at 8799 Route 6, Troy, PA 16947 | 0.00 | 0.00 | 0.00 | Plan and Adversary |
| Farm Service Agency 200 Lake Rd., Ste. D Towanda, PA 18843 Acct. no. | Residence located at 8799 Route 6 Troy, PA 16947 | 0.00 | 0.00 | 0.00 | Plan and Adversary |
| US FHA The Wanamaker 100 Penn Square East Philadelphia, PA 19107-3380 Acct. no. | Residence located at 8799 Route 6 Troy, PA 16947 | 0.00 | 0.00 | 0.00 | Plan and Adversary |
| USDA Rural Development P.O. Box 790170 | Residence located at 8799 Route 6 Troy, PA 16947 | 0.00 | 0.00 | 0.00 | Plan and Adversary |

| St. Louis, MO 63179 | | | | | |
|---|---|---|---|---|---|

**"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E.     <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim$ | Interest Rate% | Estimated Total to be paid in plan$ |
|---|---|---|---|---|
| Bradford County Tax Claim Bureau | Residence located at 8799 Route 6 Troy, PA 16947 | 2,479.00 | 9.00 | 3,594.55 |
| | | | | |
| | | | | |

F.     <u>Surrender of Collateral</u>. The Debtor surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Farm Service Agency | IH 1466 tractor, IH 706 tractor, JD 6403 tractor, Bedding chopper, Agrimental square bale, International Harvester blower, WIC bale spear, JD 7000 no till corn planter, 11 NH 1432 Discbine, no till 109 Vermeer drill, feed cart, grinder mixed Paped, Univirth gravity wage with auger, New Idea 40' hay elevator, Knight 8018 manure spreader, 2 Oliver 5 bottom spring plows, hydraulic reset, Kuhn 7822 rake, Century 300 gallon sprayer, NH LS 140 skid steer, rotogrind 760 tub grinder, Great Dane storage trailer with wheels, 24' Goose Neck trailer |
| | |

G.     <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522W (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| Endless Mountains Veterinary Center | MJ-42304-CV-117-2016 1999 Ford F350 Supercab pickup truck with aluminum flatbed |

| PHI Financial Services | Docket No. LACL 134991<br>Residence located at<br>8799 Route 6<br>Troy, PA 16947 |
|---|---|
| Timac Agro USA | Docket No. 2015-CV-0111<br>Residence located at<br>8799 Route 6<br>Troy, PA 16947 |
| | |

H.   Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

(x)   Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)   Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)   Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges of other default-related fees and services based solely on the pre-petition default or defaults.

(3)   Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3.   **PRIORITY CLAIMS**

A.   Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment $ |
|---|---|
| Internal Revenue Service | 1,040.00 |
| Pennsylvania Dept. of Revenue | 1,500.00 |
| GH Harris | 400.00 |
| | |

B.   Administrative Claims:

(I)   Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)   Attorney fees. Check one box:

( )   In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

(X )   $345.00 per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3)   Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**4.  UNSECURED CLAIMS**

A.  <u>Claims of</u> <u>Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim$ | Interest Rate % | Total Payment$ |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B.   All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment $ | Interest Rate% | Pre-petition Arrears$ | Total Payment$ | Assume/ Reject |
|---|---|---|---|---|---|---|
| Chief Oil & Gas, LLC | Oil and gas lease |  |  |  |  | Reject |
|  |  |  |  |  |  |  |

**6.   RE VESTING OF PROPERTY: (Check One)**

( )   Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

(x)     Property of the estate will vest in the Debtor upon closing of the case.

7.     **STUDENT LOAN PROVISIONS**

   A.     <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

   (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment$ | Interest Rate% | Pre-petition Arrears$ | Total Payment$ |
|---|---|---|---|---|
| | | % | | |
| | | | | |

8.     **OTHER PLAN PROVISIONS**

   A.  Include the additional provisions below or on an attachment. (NOTE: **The plan and any attachment must be filed as one document, not as a plan and exhibit.)**
   B.  Debtor reserves the right to object to any claim at any time.

9.     **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:
Level 1:_____
Level 2:_____
Level 3:_____
Level 4:_____
Level *5*:_____
Level 6:_____
Level 7:_____
Level 8:_____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level I:          Adequate protection payments.
Level 2:         Debtor's attorney's fees.
Level 3:         Domestic Support Obligations.
Level 4:         Priority claims, pro rata.
Level 5:         Secured claims, pro rata.
Level 6:         Specially classified unsecured claims.
Level 7:         General unsecured claims.
Level 8:         Untimely filed unsecured claims to which the Debtor has not objected.

GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: May 4, 2017

/s/C. Stephen Gurdin, Jr., Esquire
C. STEPHEN GURDIN, JR., ESQUIRE
Attorney for Debtor(s)
67-69 Public Square, Suite 501
WILKES-BARRE PA 18701-2512
Phone (570) 826-0481 fax (570) 822-7780
e-mail ECF@gurdinlaw.com


/s/Barry Lee Sparling          /s/Devon Marie Sparling
BARRY LEE SPARLING            DEVON MARIE SPARLING
Debtor(s)